DELLA M. CREVELING, Appellant, v. GEO. V. BROWN
ET AL.

**Evidence:** COMMUNICATION WITH A DECEDENT.  The statute relating
to personal communications with a decedent precludes an heir
of decedent from testifying to communications with him tend-
ing to sustain a conveyance of property by decedent to such
witness.

**Gifts** *inter vivos*: EVIDENCE.  In this action to establish a gift of land
by deed, subsequent to the death of the grantor, the evidence is
reviewed and held insufficient to show that the deed was intended
to operate as a present delivery or as a consummation of the
claimed gift.

*Appeal from Decatur District Court.*—HON. H. K. EVANS,
Judge.

SATURDAY, APRIL 9, 1910.

PLAINTIFF appeals from decree dismissing her peti-
tion.—*Affirmed.*

*B. M. Russell* and *C. W. Hoffman,* for appellant.

*W. B. Kelley* and *A. P. Olsen,* for appellees.

LADD, J.—Prior to February 3, 1903, Susan Fowler
owned eighty acres of land and· other property.  Owing
to some trouble between herself and husband, Lewis Fow-
ler, she had gone to the home of her niece, the plaintiff
herein.  While there, and on the day named, the latter
alleged that Mrs. Fowler delivered to her a deed of the
land, and afterwards requested her to withhold it from
record.  A few days later the Fowlers adjusted their dif-

ferences, and Susan returned to her husband. On April 28, 1903, they conveyed the land to defendant Geo. V. Brown for a consideration of $4,500. Of this $1,500 was paid in cash and a note for $3,000 executed by the grantee to Mr. and Mrs. Fowler, secured by mortgage on the land. The record discloses that Brown was an innocent purchaser, so that no attention need be given to that portion of the petition praying that title to the land be quieted in plaintiff. The note and mortgage, however, remained unpaid, and plaintiff prayed the court to decree that the Fowlers in taking these be deemed to have done so in trust for plaintiff, and that the administrators of their respective estates be directed to turn the same over to plaintiff. The defense was in the nature of a general denial. Mrs. Fowler died June 9, 1906, and her husband August 25th of the same year, and this action was not begun until October 23, 1907.

That a deed in blank bearing date February 3, 1903, and describing the eighty acres, was signed by Mrs. Fowler and her husband, is not questioned. Was it so delivered as presently to pass title? This necessarily depends on the intention of the parties to the instrument. Plaintiff's husband testified: That about the date of the deed he saw Mrs. Fowler hand to his wife two deeds, saying: "Here is a deed to that house and lot and also a deed to the land. It is for you. I am going to give it to you, and that is the deed." And that plaintiff had retained possession of them since. Also, that about two or three weeks later Mrs. Fowler requested that the deeds be not recorded until after her death, adding that after her death everything was hers. He also testified that she had delivered the lease to the farm at the same time the deeds were turned over, and that subsequently he "straightened up the fences all around the farm." In answer to inquiries by counsel for defendants, plaintiff testified that she had

1. EVIDENCE: communication with a decedent.

inserted in the deed as consideration "$4,500," as grantee, her own name and the name of the county and state, and that this was done in the presence of Mrs. Fowler and under her direction. Her statement that this was done under the grantor's direction was not responsive to the question, and possibly the motion to strike should be sustained on this ground. But, as that done was in Mrs. Fowler's presence, the fair inference is that it was with her consent. Aside from this, there was no direct evidence concerning the deed, save that of John Zimmerman, who testified to a conversation with Susan Fowler shortly after the date of the deed. As he was an heir (being a nephew), he was incompetent to testify to any communication between himself and deceased. Section 4604, Code. But there was evidence on the one hand that Mrs. Fowler had expressed an intention to leave all her property to plaintiff, who had lived with her from early childhood until her marriage, and, on the other, that she had stated that she had given her all she was entitled to.

But for other circumstances in the record such evidence together with possession of the deed, notwithstanding the recital of a consideration therein, might be regarded as sufficient to pass title by gift. But subsequent events are absolutely inconsistent with such a purpose on the part of either grantor or grantee. Within two months subsequent to the date of the deed the land was conveyed to Brown. Plaintiff knew of this shortly afterwards, and, although living within a half mile of the land, interposed no objection whatever to the transaction either to the purchaser, who went into possession March 1, 1904, or to Mrs. Fowler, nor did she make any claim to the purchase price. She did not record the deed until August 23, 1907, more than a year after the death of Mrs. Fowler and after the time for filing claims had elapsed, and nearly a year after that of Fowler. About two weeks prior to the death

2. GIFTS *inter vivos*: evidence.

of the former, neighbors at the instance of the latter informed her that, if she would care for Mrs. Fowler, he would sign over to her all his interests in his wife's property, but she at first refused, and then expressed doubt as to whether he would do so, without alluding to any claim that she had conveyances thereto. To a Miss Lewis she said immediately after her aunt's funeral that she had not been given anything, though she explained that she then supposed Fowler had gotten everything from her aunt. Not until the filing of her petition on October 22, 1907, more than four and one-half years subsequent to the transaction and after the other parties thereto had departed this life, did she assert any claim directly or indirectly to the land. It is impossible to reconcile these circumstances with a purpose on the part of either party to the deed that passing of the deed should operate as a present delivery. The more reasonable inference and one in harmony with the evidence is that, even though the deed was put in the manual possession of plaintiff, it was not to be effective in passing title until the grantor's death. Creveling testified to a request not to record until then, and the conduct of the parties to the instrument can not be explained on any other theory. Had the grantee therein treated this as a delivery, a different question would arise. See *Creveling v. Banta,* 138 Iowa, 47. She did not do so, however, but with decedent proceeded on the theory that the gift would not become effective until the death of the grantor. Not having divested herself of title or dominion over the property, Mrs. Fowler might revoke what she had done and convey the land to another. In other words, as what was done in view of the intention of the parties as manifested by their conduct did not amount to a present delivery of the deed, the gift was not consummated, and the court rightly held that title did not pass to the grantee named therein.—*Affirmed.*